UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLUE DOTS INTERNATIONAL LLC,

        Plaintiff,

    v.

HORIZON GROUP USA, INC.,

        Defendant.

Case No. _____

## COMPLAINT

Glue Dots International LLC ("Glue Dots Int'l" or "Plaintiff"), by its attorneys, Reinhart Boerner Van Deuren s.c., as and for its Complaint against Defendant, Horizon Group USA, Inc. ("Horizon" or "Defendant"), alleges as follows:

### PARTIES

1. Glue Dots Int'l is a Wisconsin limited liability company with its principal address at 5575 South Westridge Drive, New Berlin, Wisconsin 53151. Glue Dots Int'l manufactures and sells adhesive products, glues, and tapes and related goods.

2. Upon information and belief, Horizon Group USA, Inc., is a New Jersey corporation with its principal address at 45 Technology Drive, Warren, New Jersey 07059.

### JURISDICTION AND VENUE

3. This is an action for trademark infringement, false designation or origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. §1051 *et seq*.

4. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121, because it involves an action arising under the federal Lanham Act and Plaintiff owns a federal registration in the mark at issue.

5. This Court has personal jurisdiction over Defendant based upon Wisconsin's long-arm statute, Wis. Stat. § 801.05(1)(d) and (3), because the Defendant is engaged in substantial and not isolated activities within this state, including selling and distributing the infringing products in the state.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the activities giving rise to the claims alleged herein occurred in this district, and because Defendant is subject to the Court's personal jurisdiction with respect to this action.

**PLAINTIFF'S TRADEMARK RIGHTS TO GLUE DOTS TRADEMARK**

7. Plaintiff is well known nationally and internationally for its adhesive products sold under the GLUE DOTS trademark. Plaintiff has sold products bearing the GLUE DOTS trademark throughout the United States for more than eighteen years.

8. Plaintiff owns U.S. Federal Trademark Registration No. 2,514,151 for GLUE DOTS for "adhesive circular discs dispensed on strips of paper for commercial and industrial use" (the "GLUE DOTS Goods") (the "GLUE DOTS Registration"). A true and accurate copy of the GLUE DOTS Registration is attached as Exhibit A.

9. Plaintiff began using the GLUE DOTS trademark in July, 1996.

10. The GLUE DOTS Registration is in good standing and constitutes prima facie evidence of Plaintiff's rights in and to GLUE DOTS trademark for the GLUE DOTS

2

goods, under 15 U.S.C. § 1115.

11.   The GLUE DOTS Registration is incontestable under 15 U.S.C. § 1065.

12.   Plaintiff has invested substantial sums of money in developing and marketing its products under the GLUE DOTS trademark and has developed substantial goodwill and customer loyalty under the mark.  As a result, consumers recognize the GLUE DOTS trademark as an indicator of the source of Plaintiff's products.

13.   The GLUE DOTS trademark is distinctive, widely recognized, and was used in commerce before Defendant's first use of GLUE DOTS.

## FACTUAL BACKGROUND

14.   Defendant, Horizon Group USA, Inc., is a New Jersey corporation.

15.   Upon information and belief, Defendant manufactures and distributes craft supplies, toys, activity kits, and stationary designed for children and teenagers.

16.   Upon information and belief, Defendant manufactures and distributes an art kit identified as "Art Making with MoMA Cut-Out Art Kit" (the "Art Kit").  True and accurate photographs of the Art Kit packaging are attached as Exhibit B.

17.   The Art Kit contains art supplies for children, including a watercolor pad, paints, scissors, and adhesives.

18.   The Art Kit packaging includes the following information:  "HORIZON GROUP USA DISTRIBUTED BY © 2017 HORIZON GROUP USA, INC."  See Exhibit B.

19.   The Art Kit packaging also displays the following manufacturing information:

> Horizon Group USA, Inc.
> Lot # 78489

3

> Date of Manufacture: 07/17
> Shanghai, China
> 290107941366717

20. The Art Kit packaging indicates that the product includes "150 Removable Glue Dots."

21. On information and belief, the Art Kits are distributed to large national retailers, including Target Corporation.

22. The Art Kits have been and continue to be offered for sale at retail stores throughout Wisconsin, including Target Corporation stores in this judicial district.

23. Plaintiff has not authorized Defendant or any third party to use the GLUE DOTS trademark in connection with the Art Kits.

## FIRST CAUSE OF ACTION

### TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION IN VIOLATION OF § 1125(a) OF THE LANHAM ACT

24. Plaintiff re-alleges and incorporates paragraphs 1-23 above as if fully set forth herein.

25. Plaintiff owns a protectable interest and trademark rights in the GLUE DOTS trademark that were established at least as early as 1996.

26. Plaintiff actively enforces its rights in the GLUE DOTS trademark against infringers.

27. Defendant uses the GLUE DOTS trademark in its entirety on the Art Kit product packaging.

28. The adhesive products contained in the Art Kit are identical to those manufactured and offered by Plaintiff under the GLUE DOTS trademark.

29. Plaintiff has not authorized or licensed Defendant to use the GLUE DOTS

4

trademark or any derivative mark for any purpose.

30. The Art Kits and the Plaintiff's own adhesive products sold under the GLUE DOTS trademark are now and are likely to continue to be encountered by similar customers under the same or similar circumstances.

31. Consumers are likely to be deceived and mistaken as to the source or origin of the Defendant's Art Kits and the adhesive products included in the Art Kits.

32. Plaintiff's use and trademark rights in the GLUE DOTS trademarks predate the Defendant's use of the GLUE DOTS trademark.

33. By reason of Defendant's acts alleged above, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, and goodwill.

34. Defendant's unauthorized use of the GLUE DOTS trademark as set forth in this Complaint constitutes trademark infringement, false designation of origin, or false or misleading description of fact which has and is likely to cause confusion among relevant consumers, or is likely to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods in commercial activities by Plaintiff, in violation of Section 43(a) of the Lanham Trademark Act of 1946, as amended, 15 U.S.C. §1125(a).

## SECOND CAUSE OF ACTION

## INFRINGEMENT OF A FEDERALLY-REGISTERED TRADEMARK

35. Plaintiff re-alleges and incorporate paragraphs 1-34 above as if fully set forth herein.

36. Without the consent of Glue Dots Int'l, Defendant has used and is using in commerce the registered mark GLUE DOTS in connection with the sale, offering for

5
Case 2:17-cv-01781-NJ   Filed 12/21/17   Page 5 of 8   Document 1

sale, distribution, or advertising of Defendant's Art Kits.

37. Defendant's use of Plaintiff's registered marks is likely to cause confusion, or cause mistake, or to deceive.

38. On information and belief, Defendant knew or should have known of Plaintiff's trademarks at the time Defendant adopted or used the GLUE DOTS mark.

39. Defendant's actions constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C §1114.

40. Plaintiff has no adequate remedy at law, and, if Defendant's infringing activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**WHEREFORE**, Plaintiff respectfully prays for judgment:

A. Preliminarily and permanently enjoining and restraining Defendant, its employees, agents and representatives, and all persons acting in concert or in participation with them, from using on or in connection with any business, service, or the sale, offering for sale, distribution, advertising, promotion, labeling or packaging, of any services or any goods, or from using for any commercial purpose whatsoever: (1) the GLUE DOTS trademark, or any confusingly similar trademark; (2) any other false designation or false description or representation or any other thing calculated or likely to cause confusion or mistake in the public mind or to deceive the public into the belief that Defendant or its products or services are related to, endorsed by, or sponsored in any way by Plaintiff; and (3) any other false designation or false description or representation or

any other thing calculated or likely to injure the business reputation of Plaintiff or to harm or dilute the distinctive quality of Plaintiff's protectable trademark rights;

  B. Requiring Defendant to deliver up to the Court for destruction, or to show proof (upon the oath of Defendant made subject to penalty of perjury) of said destruction, of any and all products, displays, labels, signs, circulars, packages, packaging, kits, wrappers, letterheads, advertisements, promotional items, literature, sales aids, or other matter in the possession, custody, or control of Defendant or its agents or distributors, including any materials posted on Defendant's web sites, which bear or depict in any manner the GLUE DOTS trademark, or any confusingly similar trademark;

  C. Directing Defendant to recall from any and all channels of distribution any products and advertising and promotional materials distributed by Defendant bearing any matter or materials in violation of any injunction entered herein or bearing or depicting in any manner the GLUE DOTS trademark, or any confusingly similar trademark;

  D. Directing Defendant to account to Plaintiff for its profits and ordering that Plaintiff shall recover from Defendant all of its damages and costs arising from the foregoing acts of intentional infringement and unfair competition, and a sum equal to three times these profits and damages pursuant to 15 U.S.C. §1117;

  E. Awarding to Plaintiff its actual, compensatory, consequential, and incidental damages, in an as yet undetermined amount, resulting from the acts of Defendant complained of herein, and that such damages be trebled;

  F. Awarding Plaintiff exemplary damages against Defendant in an amount sufficient to punish Defendant and to deter similar conduct in the future;

G. Awarding Plaintiff its reasonable attorney's fees incurred as a result of this action, in accordance with applicable law, including 15 USC § 1117;

H. Awarding Plaintiff the costs of this action, including expert witness fees, in accordance with applicable law;

I. Awarding Plaintiff prejudgment, moratory and post-judgment interest on any monetary award according to the maximum allowable legal rate; and

Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Dated this 21st day of December, 2017.

*s/ David G. Hanson*
David G. Hanson
WI State Bar ID No. 1019486
dhanson@reinhartlaw.com
Jeunesse Rutledge
WI State Bar ID No. 1094042
jrutledge@reinhartlaw.com
Attorneys for Glue Dots International LLC
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965
Telephone: 414-298-1000
Facsimile: 414-298-8097

Of Counsel:

Daniel E. Kattman
WI State Bar ID No. 1030513
dkattman@reinhartlaw.com
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202

38528007